IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUEJIA LIANG, Derivatively on Behalf of Nominal Defendant ROBLOX CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID BASZUCKI, GREGORY BASZUCKI, CHRISTOPHER CARVALHO, ANTHONY P. LEE, GINA MASTANTUONO, ANDREA WONG, MICHAEL GUTHRIE, and CRAIG DONATO,<br><br>Defendants,<br><br>and<br><br>ROBLOX CORPORATION,<br><br>Nominal Defendant. | C.A. No. 24-078-MN |

**DECLARATION OF ANNE SHEA GAZA AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

I, Anne Shea Gaza, hereby declare as follows:

I am duly admitted to practice in the District of Delaware and am an attorney with the law firm of Young Conaway Stargatt & Taylor, LLP. I am counsel of record for Defendants David Baszucki, Gregory Baszucki, Christopher Carvalho, Anthony P. Lee, Gina Mastantuono, Andrea Wong, Michael Guthrie, and Craig Donato, and Nominal Defendant Roblox Corporation ("Roblox") in the above-captioned matter. I have personal knowledge of the matters stated herein. If called as a witness, I could and would competently testify to the matters stated herein.

1

In connection with the motion to dismiss Plaintiff's verified shareholder derivative complaint, Defendants and Nominal Defendant, by their undersigned counsel, respectfully request that the Court (1) recognize that certain SEC filings, press releases, and other publicly available materials discussed in the complaint have been incorporated by reference therein, and (2) take judicial notice of these and certain other documents as to which established authority permits notice. The documents submitted are incorporated by reference or are proper subjects of judicial notice pursuant to Federal Rule of Evidence 201. True and correct copies of the documents described herein are attached hereto.

In resolving a motion to dismiss based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, "courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Major Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007). The exhibits attached hereto are properly considered in connection with Defendants' and Nominal Defendant's motion under one or both doctrines.

## I.  THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE

A document is incorporated by reference if the document is "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The document need not be attached to the complaint. *Id.* (allowing consideration of documents merely referenced in complaint). Incorporation by reference prevents plaintiffs from isolating statements from a document to paint a false picture. *Sapir v. Averbeck*, 2016 U.S. Dist. LEXIS 15956, at *34 (D.N.J. Feb. 10, 2016) (Plaintiffs' allegations are not entitled to the assumption of truth "when the allegations are directly contradicted by 'documents incorporated into the complaint by reference.'"). In such cases, "so long as the document is undisputedly

authentic, a reviewing court may take into account the full contents of the document." *In re Horsehead Holding Corp. Sec. Litig.*, 2018 U.S. Dist. LEXIS 171704, at *27 (D. Del. Oct. 4, 2018) (citing *Burlington Coat Factory*, 114 F.3d at 1426); *see also S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 427 (3d Cir. 1999) (Courts may take judicial notice on a motion to dismiss of a document referenced in a complaint "to see if it contradicts the complaint's legal conclusions or factual claims.").

### A.    Documents Relied Upon by the Complaint

Accordingly, Defendants and Nominal Defendant request that the Court consider the following document because it is relied upon, quoted, and referenced in the Complaint, as shown by the citation following it.

- Ex. 1: Excerpts of Roblox Prospectus, which was publicly filed with the SEC on March 2, 2021 pursuant to Rule 424(b)(3), cited at Compl. ¶¶ 56–63.

## II.    THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION

In addition, the Federal Rules of Evidence permit judicial notice of "adjudicative fact[s]" that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)–(b).  Accordingly, Defendants and Nominal Defendant request that the Court take judicial notice of the following SEC filings, corporate bylaws, and other public materials.

### A.    SEC Filings

In securities and derivative shareholder litigation, courts in the Third Circuit routinely take judicial notice of the content of public records, including (but not limited to) SEC filings. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (taking judicial notice of SEC filings in breach-of-fiduciary-duty litigation because these filings "are matters of public record of which

the court can take judicial notice"); *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (taking judicial notice of SEC filings in securities litigation); *Fed. Trade Comm'n v. Shire ViroPharma, Inc.*, 917 F.3d 147, 151 n.5 (3d Cir. 2019) (taking judicial notice of fact in SEC filing). Defendants and Nominal Defendant therefore request that the Court consider the following documents filed with the SEC:

- Ex. 2: Roblox Q4 2023/FY 2023 Shareholder Letter, dated February 7, 2024, which was publicly filed with the SEC as Ex. 99.2 to Roblox's Form 8-K on February 7, 2024.

- Ex. 3: Roblox Definitive Proxy Statement (Schedule 14A), which was publicly filed with the SEC on April 3, 2023.

- Ex. 4: David Baszucki's Statements of Changes in Beneficial Ownership on Form 4, which were publicly filed with the SEC from March 12, 2021 to November 24, 2021.[1]

- Ex. 5: Michael Guthrie's Statements of Changes in Beneficial Ownership on Form 4, which were publicly filed with the SEC from March 12, 2021 to January 12, 2022.

- Ex. 6: Craig Donato's Statements of Changes in Beneficial Ownership on Form 4, which were publicly filed with the SEC from March 12, 2021 to January 19, 2022.

**B.   News Articles, Press Releases, and Other Public Materials**

Courts in the Third Circuit have routinely taken judicial notice of newspapers, press releases, and other public materials because their publication is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resorting to sources whose

---

[1] As to Form 4s specifically, "[C]ourts in the Third Circuit consider [them] to assess insider trading allegations on motions to dismiss." *Amharic Cor. PLC Sec. Litig.*, 2021 U.S. Dist. LEXIS 59840, at *29 (D.N.J. Mar. 29, 2021), *aff'd*, 2022 U.S. App. LEXIS 16326 (3d. Cir. Jun. 14, 2022). Form 4 trade reports form the basis of one or more of Plaintiff's claims. *See* ¶¶ 8, 86, 117–19. Their authenticity cannot be reasonably questioned, and thus they are a proper subject of judicial notice. *City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc.*, 686 F. Supp. 2d 404, 424–25 & n.29 (D. Del. 2009) (taking judicial notice of Form 4s to establish that defendants entered into 10b5-1 plans).

accuracy cannot be questioned." *Benak v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006); *see also Doron Precision Sys., Inc. v. FAAC, Inc.,* 423 F. Supp. 2d 173, 179 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and "it is capable of accurate and ready determination."). Newspaper articles can also be taken for the truth of certain matters asserted therein. *Ieradi v. Mylan Lab'ys, Inc.*, 230 F.3d 594, 598 n.2 (3d. Cir. 2000) (taking judicial notice of a *New York Times* article detailing the amount of a settlement for evidence of that settlement's amount); *Peters v. Del. River Port Auth. of Pa. and N.J.*, 16 F.3d 1346, 1356 n.16 (3d. Cir. 1994) (taking judicial notice of newspaper articles to establish that certain state delegations competed with one another). Judicial notice is also appropriate where information was publicly presented and readily available even if now paywalled or behind some other layer of protection. U.S. v. Allstate Ins. Co., 620 F. Supp. 3d 674, 685 (E.D. Mich. 2022) (information "blocked behind a 'paywall' and 'only accessible to subscription-paying customers'" was proper subject of judicial notice). Accordingly, Defendants and Nominal Defendant request that the Court take judicial notice of the following documents:

- Ex. 7: *Safety Features: Chat, Privacy & Filtering*, Roblox.com, https://t.ly/6VRQU (last visited Apr. 9, 2024)
- Ex. 8: *Roblox FAQ*, Roblox.com, https://t.ly/wFbhP (last visited Apr. 9, 2024)
- Ex. 9: *Safety and Civility*, Roblox.com, https://t.ly/i7ntY (last visited Apr. 9, 2024)
- Ex. 10: David Baszucki, *2017: Another Breakout Year*, Roblox Blog, https://t.ly/2_Ri_ (last visited Apr. 9, 2024)
- Ex. 11: *For Parents*, Roblox.com, https://t.ly/PJfAm (last visited Apr. 9, 2024)
- Ex. 12: Joshua Mitts, *Short and Distort*, Columbia Law School (2020), https://t.ly/BnBfF

- Ex. 13: Liz Hoffman and Justin Baer, *Justice Department Targets 'Spoofing' and 'Scalping' in Short Seller Investigation*, WALL ST. J. (Feb. 16, 2022), https://t.ly/TDVaR

- Ex. 14: Kellen Browning, *Roblox, the Gaming Site, Wants to Grow Up Without Sactificing Child Safety,* N.Y. TIMES (Oct. 31, 2021), https://t.ly/b-veP

## C.   Corporate Bylaws

Like any other SEC filing listed previously, the Court may also take judicial notice of Roblox's bylaws.  *Accord Leonard v. Stemtech Int'l Inc.*, 2012 U.S. Dist. LEXIS 120525, at *11 n.6 (D. Del. Aug. 24, 2012), *R&R adopted*, 2012 U.S. Dist. LEXIS 141116 (D. Del. Sept. 28, 2012) (Publicly filed documents "such as certificates of incorporation may properly be the subject of judicial notice.").  Courts routinely take judicial notice of the effects of an exculpatory provision in corporate governance documents, like those here, in ruling on a motion to dismiss. *E.g.*, *Keystone Assocs. LLC v. Fulton*, 2019 U.S. Dist. LEXIS 133113, at *9 n.1 (D. Del. Aug. 8, 2019) (citing *Zomolosky v. Kullman*, 70 F. Supp. 3d 595, 607 (D. Del. 2014) (taking judicial notice of a certificate of incorporation); *In re Baxter Int'l, Inc. S'holders Litig.*, 654 A.2d 1268, 1270 (Del. Ch. 1995) (same).  Accordingly, Defendants and Nominal Defendant request that the Court take judicial notice of the following document:

- Ex. 15: Excerpts of Roblox's Amended and Restated Bylaws, which were publicly filed with the SEC on September 14, 2023.

\* \* \* \*

For the foregoing reasons, Defendants and Nominal Defendant respectfully request that the Court consider the herein-referenced documents in connection with their motion.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in Wilmington, Delaware on April 16, 2024.


*/s/ Anne Shea Gaza*
Anne Shea Gaza

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 16, 2024, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Seth D. Rigrodsky
Gina M. Serra
Herbert W. Mondros
RIGRODSKY LAW, P.A.
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
sdr@rl-legal.com
gms@rl-legal.com
hwm@rl-legal.com

*Attorneys for Plaintiff*

Dated: April 16, 2024

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Anne Shea Gaza*
Elena C. Norman (No. 4780)
Anne Shea Gaza (No. 4093)
Daniel G. Mackrides (No. 7230)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
agaza@ycst.com
dmackrides@ycst.com

*Attorneys for Defendants David Baszucki, Gregory Baszucki, Christopher Carvalho, Anthony P. Lee, Gina Mastantuono, Andrea Wong, Michael Guthrie, and Craig Donato, and Nominal Defendant Roblox Corporation*